### HENRY BONNABEL *v.* FREDERIC RABENEAU.

Where a vendor allows the things on which he has a privilege, to be sold confusedly with a mass of other things belonging to his vendee, without making his claim, the privilege will be lost.  C. C. 3195.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Schmidt,* for the appellant.

*Benjamin,* for the defendant.

MARTIN, J.  The plaintiff is appellant, from the dissolution of a writ of sequestration, which he had obtained to prevent the defendant from receiving an indemnity from a fire insurance company, in whose office the latter had effected an insurance on the contents of an apothecary and druggist's store, which were consumed by fire, on an affidavit that he was the vendor to the defendant of a considerable part of the merchandize so destroyed, had the vendor's privilege thereon, and was fearful that the defendant would part with and dispose of the indemnity to which he is entitled, to his, plaintiff's, injury and prejudice.  The defendant's counsel has urged that the writ of sequestration was properly set aside, as the privilege of the vendor does not attach on the insurance money recovered for the loss of the object sold.  *Thayer* v. *Goodale,* 4 La. 222.  The plaintiff's counsel has relied on several authorities, which establish that in France, a distinction is made between marine and terrestrial insurances, the latter not being considered as *commercial transactions,* but as *acts of administration,* under which the insurance enures to the benefit of whoever has a lien or privilege on the property insured.  Quesnault Asses. Terrestres, p. 162.  Journal du Palais, vol. 22, p. 152.  Ib. An. 1837, p. 235.  Boudousquié, De l'Ass. contre l'Incendie. p. 116.  He has also cited Hammond on Insurance, p. 23.  *Deforest* v. *Fulton Ins. Co.,* 1 Hall, 84 ; and has contended that art. 3152 of the Civil Code, which provides that privileges only exist in cases expressly provided by law, ought not to prevent us from recognizing the distinction on which he depends, although the privilege he claims be not mentioned in the Code.  Admitting

this, and his argument that the destruction of the property by fire may well be considered a sale by the assured, since it entitled him to full indemnity for the goods consumed ; as the insurance was effected confusedly on the contents of a store which were worth more than two thousand dollars, while the goods sold by him did not amount to much more than one-fourth of that sum ; it follows, that, as in the case of a sale of the whole store for that sum confusedly, no privilege would exist, since art. 3195, of the Civil Code provides that, "if the vendor allows the things to be sold confusedly, with a mass of other things belonging to the pur-chaser, without making his claim, he, shall lose the privilege." An insurance confusedly made, must have the same effect, and destroy the privilege. Should the contents of the store be worth four thousand dollars, and one-half only of that sum be insured, could the plaintiff, while his debtor could recover not more than one-half of his loss, pretend to a whole indemnity for his ?

*Judgment affirmed.*